**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS JUAREZ,<br><br>        Plaintiff,<br><br>        v.<br><br>CARDINAL HEALTH INC., et al.,<br><br>        Defendants. | Civil Action No. 15-6328 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff Luis Juarez's ("Plaintiff") motion to remand this matter to the Superior Court of New Jersey, Middlesex County, pursuant to 28 U.S.C. § 1441. (ECF No. 8.) Plaintiff brought this employment discrimination action in state court against Defendants Cardinal Health Inc. ("Cardinal Health"), "Tim," "John," "Joshua," and John Does One through Ten (collectively, "Defendants"). Cardinal Health removed the matter to this Court on the basis of diversity jurisdiction as Plaintiff is a citizen of New Jersey and Cardinal Health is organized under the laws of Delaware and has its principal place of business in Ohio. In its Notice of Removal, Cardinal Health additionally asserted that the citizenship of the remaining fictitious defendants is disregarded pursuant to 28 U.S.C. § 1441(b). Plaintiff now moves to remand this matter arguing that Cardinal Health has failed to establish diversity jurisdiction because defendants "Tim," "John," and "Joshua" are not fictitious parties but represent the first names of Plaintiff's co-employees and employees of Cardinal Health who perpetrated acts of discrimination in violation of the New Jersey Law Against Discrimination.

Under § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Thus, where

a federal court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. The law is clear in this Circuit, that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). The removal statute "is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett*, 357 F.3d at 396 (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "This policy 'has always been rigorously enforced by the courts.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Section 1441(b), expressly states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.A. § 144(b)(1). Although a pro forma "John Doe" defendant with no further identifying information is undisputedly a fictitious party, "a name will not be treated as fictitious merely because the name varies from that on a person's birth certificate." *Brooks v. Purcell*, 57 F. App'x 47, 50 (3d Cir. 2002) ("Thus, a person named 'William' at birth may be known as "Bill" and if so may be sued in that name."). In *Brooks*, the Third Circuit held, in a non-precedential opinion, that a defendant identified by a first name only, without any additional identifying information, should be considered a fictitious party for purposes of diversity jurisdiction. *Id.* at 50-51; *see also Joshi v. K-Mart Corp.*, No. 06-5448, 2007 WL 2814599, at *2 (D.N.J. Sept. 25, 2007) (disregarding the citizenship of a defendant identified as "Defendant Frank Last Name Unknown").

Here, in the Complaint Plaintiff alleges that "Defendants, 'Tim,' 'John,' and 'Joshua' at all relevant times, resided in Middlesex County, New Jersey, and were employed as supervisors by

defendant, Cardinal Health Inc." (Compl. ¶ 2, ECF No. 1.) Additionally, in his Complaint Plaintiff alleges that "Tim," "John," and "Joshua" made specific discriminatory comments to him on a daily basis, and Plaintiff complained of the discrimination to his supervisors "John," "Joshua," and "Sam." Plaintiff's Complaint and moving papers do not offer any other factual allegations as to these three defendants' full names or states of citizenship. In his reply brief, however, Plaintiff is able to identify "Joshua" as "employee, Joshua Ford, who resides at Hale Street, New Brunswick, New Jersey." (Pl.'s Reply Br. 1, ECF No. 10; Pl.'s Certification ¶ 2, ECF No. 10.) Thereafter, Plaintiff submitted an additional certification to this Court identifying "Tim" as "Timothy Vitalle of Monroe, New Jersey" and "John" as "Jonathan Bosques who resides in Cranbury, New Jersey," (Pl.'s Supp. Certification ¶¶ 2-3, ECF No. 11.) Therefore, based on these new facts, this Court does not have subject matter jurisdiction as diversity is lacking. *See Santiago v. Fed. Express Freight, Inc.*, No. 14-5081, 2015 WL 6687617, at *3 (D.N.J. Oct. 30, 2015) (allowed limited jurisdictional discovery aimed at the identities and citizenship of partially named defendants to deal with the "topsy-turvy" jurisdictional issue from the outset); *Caywood v. Anonymous Hosp.*, No. 11-1313, 2012 WL 3264572, at *2 (S.D. Ind. Aug. 9, 2012) ("Common sense provides that when a court knows the citizenship of a given defendant, it should not turn a blind eye to an indisputable and obvious reality. Simply put, a contrary decision would elevate form over substance and needlessly risk wasting federal judicial resources.").

Plaintiff also requests that the Court award him costs and fees associated with bringing the motion to remand pursuant to § 1447(c). Under § 1447(c), a court may award attorney's fees if the removing party lacked an objectively reasonable basis to seek removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, as Plaintiff did not submit the jurisdictional facts regarding his partially named defendants until his reply brief, Plaintiff has not shown that

Defendant lacked an objectively reasonable basis to seek removal. Thus, Plaintiff's request for costs and fees is denied. Accordingly,

**IT IS** on this 9th day of February 2016, **ORDERED** that Plaintiff's motion to remand this matter is GRANTED, and this action is REMANDED to the Superior Court of New Jersey, Middlesex County.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**